LOUIS WERNER SAW MILL COMPANY, Appellant, v. KANSAS CITY SOUTHERN RAILWAY COMPANY, Respondent.

St. Louis Court of Appeals. June 6, 1916.

1. **COMMON CARRIERS: Interstate Commerce: Freight Rates: Interstate or Intrastate Shipment: Facts Stated.** Articles sold to a railroad company for use in the maintenance of its lines were transported by another railroad from the point of shipment to another point in the same State, on the line of the purchasing railroad, but were billed, at the request of the latter, to the point of ultimate destination on its line in another State, and the consignor was required to pay freight to the initial carrier according to the interstate rate (which was higher than the State rate) from the point of consignment to the point where delivery was made to the purchasing railroad. In an action against the initial carrier to recover the difference between the two rates, *held* that the shipment was an interstate one, justifying the initial carrier in charging the interstate rate; the rule, that the transportation of a carrier's own property over its own line, to be used in connection with the maintenance of its line, is not within the Interstate Commerce Act, not being apposite, since the shipment in question, through continuity of movement, was destined, at the time it was started, for a point in another State, which constitutes an interstate shipment.

2. ————: ————: ————: ————. **Method of Determining.** The question of whether a shipment is an interstate or an intrastate one, is to be determined by reference to the intention of the parties touching the continuity of movement from the point of shipment in one State to the point of destination in another, and but slight heed is paid to the billing.

Appeal from the St. Louis City Circuit Court.—*Hon. Leo S. Rassieur,* Judge.

AFFIRMED.

*Walter N. Davis* for appellant.

(1) A railroad company transporting its own property is not a common carrier and is not subject to the Interstate Commerce Act with respect to such transportation regulating rates. Railroad v. Grant Bros., 228 U. S. 177; The Pipe Line cases, 234 U. S. 548, 562. (2) It is the essential character of the commerce, not the accident of through or local bills of lading, which determines Federal or State control. Louisiana R. R. Com. v. Railroad, 229 U. S. 336; Railroad v. Sabine Tram. Co., 227 U. S. 111; Railroad v. Texas, 204 U. S. 403; Ohio R. R. Com. v. Worthington, 225 U. S. 101; Railroad v. Iowa, 223 U. S. 334, l. c. 343; Kolkmeyer v. Railroad, 182 S. W. 794. (3) The contract of sale must be considered in determining the character of the shipment. Railroad v. Sabine Tram. Co., 227 U. S. 114.

*Morris G. Levinson* for respondent.

Whenever a carrier is the consignee of property being transported from a point in one State to another point in another State, and in part over its own line, it does not divest the shipment from being one in interstate commerce. U. S. v. Ohio Oil Co., 234 U. S. 548, 560; In the matter of Restricted Rates, 20 I. C. C. 426; Railroad v. Iowa, 233 U. S. 334; Beekman Lbr. Co. v. La. Ry. & Nav. Co., 21 I. C. C. 280; Railroad v. Sabine Tram. Co., 227 U. S. 111; Railroad Commission v. Railroad, 229 U. S. 336. The contract of purchase and sale of property shipped and the actual or technical ownership of it at the time it is being shipped or during the transportation are not matters of importance or concern, so long as such contracts and ownership are not resorted to or permitted to be cloaks or excuses for the effecting, either di-

rectly or indirectly, evasion of or departure from tariff rates, rules and charges. In the matter of Transportation of Company Material, 22 I. C. C. 439; Railroad Commission v. Railroad, 229 U. S. 336; U. S. v. Ohio Oil Co., 234 U. S. 548, 560.

NORTONI, J.—Plaintiff prosecutes this appeal from a judgment against it on demurrer to the petition. The petition is as follows:

"Leave of court first being had and obtained to file this second amended petition, plaintiff, for its cause of action states that plaintiff and defendant now are, and were at all times hereinafter mentioned, corporations duly organized and existing by virtue of and according to law.

"That during the year 1910 defendant was engaged in operating a railroad as a common carrier of freight for hire from Leesville, in the State of Louisiana, to Shreveport, in said State.

"That plaintiff is engaged in the lumber business, and theretofore agreed to and with the Missouri, Kansas & Texas Railway Company, a common carrier, to sell it a certain quantity of lumber, to be shipped from Leesville to Shreveport, Louisiana, and to be delivered to the said Missouri, Kansas & Texas Railway Company at Shreveport, Louisiana.

"That prior to the forwarding of any of the shipments of said lumber by plaintiff for delivery as aforesaid, and pursuant to said agreement, plaintiff was requested by said Missouri, Kansas & Texas Railway Company to consign and bill said shipments of lumber to it at Parsons, Kansas, which request was accordingly acceded to by plaintiff, but said shipments of lumber were to be delivered and were delivered to said railway company at Shreveport, Louisiana, in accordance with their agreement, and were, at said Shreveport, accepted by it, and were thereafter carried by it, free of freight charges, either collected or charged, as its own materials and supplies, from Shreveport, Louisiana, to Parsons, Kansas, and other places on its line

of railway, and was thereafter used by it in the construction and maintenance of its railway properties.

"That during the year 1910 plaintiff shipped, over defendant's road, from Leesville to Shreveport, Louisiana, 665,300 pounds of lumber, pursuant to said agreement, billed and consigned as aforesaid, and thereafter carried as aforesaid, for delivery to the Missouri, Kansas & Texas Railway Company at Shreveport, for which defendant exacted as freight charges for the carriage of said lumber from Leesville to Shreveport, and plaintiff paid, the sum of $997.95, at the rate of 15 cents per cwt.; which was the only freight collected or charged for said shipments, between Leesville, Louisiana, and Parsons, Kansas; all of which said lumber the plaintiff delivered to the Missouri, Kansas &, Texas Railway Company at Shreveport, Louisiana;' the particulars of all of which, with the dates of shipment, are set forth in the following account:

| Car No. | Car Initials | Date of Shipment | Pounds |
|---|---|---|---|
| 21760 | K. C. S. | 11-24-10 | 44100 |
| 54157 | L. S. & M. S. | 9-10-10 | 55900 |
| 25472 | K. C. S. | 10-27-10 | 53300 |
| 5919 | Wabash | 10-29-10 | 72300 |
| 21440 | K. C. S. | 11-14-10 | 41800 |
| 41897 | W. & L. E. | 8-24-10 | 53700 |
| 75391 | C. & E. I. | 8-29-10 | 63700 |
| 36675 | C. & O. | 9-5-10 | 59800 |
| 25555 | K. C. S. | 9-10-10 | 47400 |
| 278979 | Penn. | 10-10-10 | 73500 |
| 4689 | A. &. G. S. | 10-5-10 | 58800 |
| 24323 | K. C. S. | 10-20-10 | 41000 |

"That, by the tariff schedule of freight charges of defendant on said shipments, in lawful force at said times for shipments of lumber from Leesville to Shreveport, in said State of Louisiana, the lawful rate of freight charge was seven and one half cents per cwt. on intrastate shipments, amounting to four hundred and ninety-eight and 97 $\frac{1}{2}$/100 dollars, instead of

$997.95, at the rate of fifteen cents per cwt., as charged by and paid to defendant by plaintiff.

"Wherefore, plaintiff says that defendant owes it the sum of $498.97 ½, which defendant promised to pay, for which sum, with interest thereon at the rate of six per cent per annum from the 1st day of December, 1910, and its costs herein expended, plaintiff prays judgment."

The court sustained the demurrer in the view that, on the facts stated, no cause of action appears, and in this we concur.

Because the petition avers that the lumber was to be delivered to the Missouri, Kansas & Texas Railway Company, the purchaser, at Shreveport, Louisiana, it is argued the shipment was intrastate, for that it commenced at Leesville in the same State. The argument proceeds in the view, and cases are cited to the effect, that a railroad company may transport its own property over its own line to be used in connection with the construction, extension or maintenance of its line as a mere incident to its use, and in so doing is not within the terms of the Interstate Commerce Statute relating to transportation by a common carrier. [See Santa Fe, Prescott, etc. Ry. v. Grant Bros. etc., 228 U. S. 177; The Pipe Line Cases, 234 U. S. 548, 562.] The proposition thus advanced is entirely sound, but it appears to be without influence here, for that the petition on its face shows the fact to be that both the Missouri, Kansas & Texas Railway Company, purchaser of the lumber, consignee, and plaintiff, consignor, intended a continuity of movement with respect to the freight from Leesville, Louisiana, to Parsons, in another State, that is, Kansas. It is true the mere accident of billing is not decisive and the fact that the billing was issued from Leesville, Louisiana to Parsons, Kansas may be put aside entirely. However, though such be true, the shipment, whether intrastate or interstate, is to be determined by reference to the intention of the parties touching the continuity of movement from the point of shipment. The petition

pointedly avers that both the Missouri, Kansas & Texas Railway Company and plaintiff intended the shipment should be carried as by continuity of movement from Leesville, Louisiana, to Parsons, Kansas. The court pays but slight heed to the billing in matters of this character because of the opportunity for the practice of subterfuge which attends it and looks rather to the substance of the transaction as by inquiry touching the intention of the parties to transport the goods into a foreign State or country through continuity of movement which attends or is contemplated in the transaction. Therefore, it is said that the shipment takes on the character of either intrastate or interstate commerce at the point the shipment is started. The rule reflected in the authorities is, that if, through continuity of movement, the goods are destined at the time they are started for a point in another State, the shipment is to be regarded as interstate commerce and therefore falling within the purview of the Interstate Statutes in respect of rates, rather than intrastate, though the billing, when looked to alone, may suggest the latter. [See Texas & N. O. R.R. Co. v. Sabine Tram. Co., 227 U. S. 111, 123, 124; Railroad Commission of Louisiana v. Texas & Pac. Ry. Co., 229 U. S. 336, 341.]

It appears, therefore, from the averments of the petition that the shipment of lumber involved, contemplating as it did continuity of movement from a point in one State to a point in another, is to be regarded as interstate commerce. In this view defendant properly charged the interstate rate concerning it. Plaintiff may not recover the excess of the intrastate rate over the local rate which prevailed as between points in Louisiana.

The judgment sustaining the demurrer should therefore be affirmed and it is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.